The opinion of the court was delivered by
Breaux, J.
The plaintiff, a day after two of defendant’s creditors had obtained writs of attachment, sued out a writ of attachment against defendant, and caused to be re-attached, and to be seized and sold a stock of goods and other property of the defendant.
The attachments were issued under Art. 240, C. P., fourth and fifth clauses.
In one of the first cases of attachment, that is, the case of Winter vs. Davis, the plaintiffs, here, intervened, alleging substantially that Winter’s attachment was fraudulent and collusive, and sued out with the consent and connivance of Davis, aud that the effect was to give an unfair and unjust preference to the former, Winter. The intervenors also denied that Davis was indebted to Winter.
The intervenors asked for a judgment in their petition, avoiding, annulling and setting aside the writ of attachment sued out by the plaintiff Winter, against the defendant, Davis.
Each, Winter and Davis, in a separate answer denied the charge preferred. The defendant in the case (viz., the case of Winter vs. Davis) filed motions to dissolve, on the ground that the affidavit was untrue.
When this motion was taken up for trial, by consent; all the attachment cases were consolidated.
Evidence was heard contradictorily with all the interested parties.
The District Court dissolved the attachment.
The plaintiff in the case of Winter vs. Davis and the plaintiff in the case here took an appeal to this court. The former furnished bond and prosecuted his appeal to this court.
On appeal the judgment of the District Court was affirmed. 48 An. 160.
After it had been affirmed the plaintiff in the case now under consideration obtained another order of appeal, furnished bond and is before this court as appellant.
Here the appellee filed a motion setting forth that the issues involved in this ease were involved in the case of Winter vs. Davis; that the evidence is the same; that as consolidated cases the tran *1225 script of the Winter-Davis case, now in the clerk’s office of the court, should be considered as before the court in the present case.
The facts as relate to the attachment being as alleged in this motion, there can be no reasonable objecti m to the motion.
The two transcripts are before us and constitute the complete record of the case.
We pass to the grounds urged by the plaintiff here in support of its attachment. The first is that defendant’s connection with Winter, under the circumstances presented by the record, made strong grounds of themselves for the attachment.
The issue was raised in the decided case of Winter vs. Davis, by the intervention of the plaintiff here; evidence was admitted to prove the alleged collusion between Winter and Davis.
The point was not directly decided in the lower court; it was decided that the other facts appearing of record were not of such a character as to enable the plaintiff to sustain an attachment.
In the case here the judgment of the District Oourt disposed of that issue in that court, and held that the charge of collusion and fraud was unfounded.
The issue raised, although not decided by us, received some attention in our previous opinion.
The evidence did not impress us in the Winter-Davis case as proving the corruption and fraud charged between the attaching creditor and the debtor.
A second examination, after having heard argument in the present case, has not convinced us that the conclusion reached heretofore, but not expressed, on this point, for there was no necessity, was erroneous.
The plaintiff held defendant’s notes for the amount of his claim. The purpose of the advance represented by these notes was stated; not a fact of record suggests the unreality of the transaction; all the evidence sustained the claim. There is no basis supporting the pre-sumption suggested by the plaintiff.
We leave this point (not decided in the Winter case) and take up the other questions.
It devolves upon us first to determine whether they should again be reviewed and whether they should be reversed as erroneous.
It may be that the defendant transgressed business rules in the management of his business. He was a young man when he went into business on his own account. It was his first business venture.
*1226 He had, when he opened his store, about four thousand dollars. With this limited amount as a basis he undertook to carry on a large business. The approaching day of payment may have caused uneasiness, followed by some trepidation to save something from the financial misfortune threatening.
To us it seemed that he was actuated by a desire to save the business. The sales were made in due course of trade, and the amounts realized were reinvested in his business. Impressed by these facts we affirmed the judgment of the District Court. The same parties can not be allowed to contest the same matters in another suit.
It has often been announced, and is now well settled, that questions decided on appeal should govern the case in the same court; through all the subsequent phases of the proceedings.
It will seldom be reconsidered or reversed. Wells, res judicata, p. 569. This conclusion is reached; although strictly considered, res judicata is not pleaded.
Not the debtors only, who are inspired by a desire to deliver all their property (the unselfish capable of ceasing to have themselves in mind and even sacrificing themselves in order to meet, as far as possible, all just demands) are free from the process of attachment. These qualities are highly desirable in everything. But are not the only standard. The test is more particularly fraud on the part of the debtor, or the intention to defraud (not found against defendant in our previous decision). We add, that too hasty action on the part of creditors will not always prevent fraud and encourage good faith. If there was any fraud in his case it was concealed, and not brought to light in the first trial.
Here, after having considered only the evidence admitted in the case (contradictorily with the defendant in the former trial), we have found no reason to change the conclusion previously reached.
The attachment having been dissolved, upon final hearing, the defendant claimed damages.
The amounts allowed, $250 fee of attorney and $60 portion of ' wages paid clerks and book-keeper during the time of seizure under the attachment, to operate as credit on principal demand, are reasonable and fair compensation.
This disposes of all the issues. We are firm in the conviction that the judgment should be affirmed.
Judgment affirmed.